```
                                              FILED
                                         U.S. DISTRICT COURT
                                            AUGUSTA DIV.
         IN THE UNITED STATES DISTRICT COURT
                                         2006 OCT -3 AM 10: 42
        FOR THE SOUTHERN DISTRICT OF GEORGIA

                AUGUSTA DIVISION         CLERK ⟨signature⟩
                                          SO. DIST. OF GA.
```

GREGORY TURMAN,                )
                               )
        Plaintiff,              )
                               )
    v.                          )    CV 106-150
                               )
WILLIAM M. FLEMING, JR., et al., )
                               )
        Defendants.             )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned *pro se* complaint, pursuant to 42 U.S.C. § 1983, and is proceeding *in forma pauperis* ("IFP"). Accordingly, Plaintiff's complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(b)(i) & (ii). For the reasons explained more fully below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims be **DISMISSED** and that this case be **CLOSED**.

### I.    BACKGROUND

In his complaint, Plaintiff argues that a bench warrant issued against him was not served in a timely manner, which cost him money and two jobs. (Doc. no. 1, p. 3). Plaintiff

contends that the Honorable William M. Fleming, Jr., Superior Court Judge, issued his bench warrant on November 28, 2005, but the Sheriff did not receive it until January 23, 2006. (Id.). He further claims that if Defendants had read the "DUI arrest report," they would have noticed that the report stated that the vehicle only had one headlight and a brake light that was inoperative. (Id.). Plaintiff avers that instead of using the report, the District Attorney and Assistant District Attorney, Defendants Craig and Peterson, wrote up a fraudulent bench warrant, which Judge Fleming signed, in order to delay his trial and for "state gain." (Id. at 3-4).

## II. DISCUSSION

### A. Judge Fleming

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the allegations raised against Judge Fleming do not state a claim upon which relief can be granted. It is well-settled that judicial officers are entitled to absolute immunity from suit for actions taken that are within their jurisdictional power to perform. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1979) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'" (footnote omitted)). Thus, the Court must determine whether Judge Fleming was dealing with Plaintiff in a judicial capacity and whether the judge's conduct clearly fell outside his subject matter jurisdiction. See id. at 359-64.

2

As the complaint makes no allegation that Judge Fleming acted in the "clear absence of all jurisdiction," id., the Court must consider whether Judge Fleming's actions were of the type normally performed by judges. See Stump, 435 U.S. at 362. The action about which Plaintiff complains, the swearing out of Plaintiff's bench warrant, is of a type usually performed by judges, and therefore, Judge Fleming is entitled to absolute judicial immunity against Plaintiff's allegations.

### B.     Defendants Craig and Peterson

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the allegations raised against Defendants Craig and Peterson also fail to state a claim upon which relief can be granted. Plaintiff alleges that Defendants Craig and Peterson were acting in their capacities as District Attorney and Assistant District Attorney, respectively. However, "a prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government. The prosecutorial function includes the initiation and pursuit of criminal prosecution, and most appearances before the court, including examining witnesses and presenting evidence." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (citations omitted); see also Guerrero v. Barlow, 494 F.2d 1190, 1191 (5th Cir. 1974) (*per curiam*) ("It is well settled that prosecuting attorneys, as 'quasi-judicial officers', are immune from suit under section 1983 for actions taken in performance of their official role"). In the case at bar, based on Plaintiff's allegations, Defendants Craig and Peterson were responsible for drafting and presenting the bench warrant to Judge Fleming.

Such action would have been done in the course of their duties for the government and therefore, Defendants Craig and Peterson are entitled to immunity.

Moreover, to the extent that Plaintiff attempts to sue Defendant Craig on the basis that he improperly supervised Defendant Peterson, such a claim is improper under § 1983. See Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted) (noting that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates 'on the basis of *respondeat superior* or vicarious liability'"). Accordingly, the complaint fails to state a claim for relief against Defendants Craig and Peterson.

### C.     Superior Court of Columbia County, State of Georgia

Finally, Plaintiff names the Superior Court of Columbia County as a Defendant, which is improper. Stated otherwise, the complaint improperly names the entire court, rather than individuals like Defendants Fleming, Craig, and Peterson, as being responsible for the allegedly improper bench warrant. Moreover, as discussed above, the judicial officers of the Superior Court are immune from suit. See Stump, 435 U.S. at 359-64. Although the Court recognizes that Plaintiff is proceeding *pro se* and would generally give him an opportunity to attempt to cure his pleading deficiencies by amending his complaint, the Court cannot conceive of any potential Defendants within the Superior Court that Plaintiff could name who would not otherwise be entitled to immunity. Accordingly, any attempt by Plaintiff to amend his complaint would be futile. See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004) (explaining that leave to amend should be freely given, but is properly denied when any amendment would be futile).

4

### III. CONCLUSION

In sum, as Plaintiff has failed to state a claim upon which relief can be granted, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims be **DISMISSED** and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of October, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

5